UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DONALD CLAYTON CHILDS,

    Plaintiff,

v.       Case No. 3:20cv5803-MCR-HTC

GRAHAM FOUNTAIN,
ERIC ESMOND,
SUSAN PRIDDY,

    Defendants.
_____/

REPORT AND RECOMMENDATION

Plaintiff Donald Clayton Childs, proceeding *in forma pauperis*, initiated this action by filing a *pro se* civil rights complaint purporting to bring claims under 42 U.S.C. § 1983 regarding the conditions of confinement at Okaloosa County Jail. ECF Doc. 1.  The matter was referred to the undersigned Magistrate Judge for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(C).  For the reasons that follow, the undersigned respectfully recommends this case be dismissed without prejudice for failure to prosecute and failure to comply with Court orders.

On September 28, 2020, the Court granted Plaintiff's motion to proceed *in forma pauperis* (ECF Doc. 4) and gave him until October 29, 2020, to submit the

initial partial filing fee.  ECF Doc. 5.  On October 22, 2020, after screening Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(b), 1915A, the Court found the complaint to be deficient and entered an order instructing Plaintiff he must file an amended complaint within thirty (30) days.  ECF Doc. 6.  Subsequently, Plaintiff filed a motion to stay.  ECF Doc. 7.  The Court declined Plaintiff's request to stay this proceeding but extended the deadline for Plaintiff to submit an amended complaint and the initial partial filing fee to December 23, 2020.  ECF Doc. 8.  Plaintiff failed to submit either filing by the extended deadline.

Thus, on December 31, 2020, the Court gave Plaintiff an additional fourteen (14) days to show cause why his case should not be recommended for dismissal for failure to prosecute or comply with a Court order.  ECF Doc. 9.  On January 11, 2021, a notice from the clerk indicated the Court's show cause order (ECF Doc. 9) was returned as undeliverable.[1]  The clerk forwarded the order to Plaintiff's address on file with the Okaloosa County Jail and reset the deadline to January 26, 2021.  ECF Doc. 10.  Plaintiff's deadline to respond to the Court's show cause order has passed, and Plaintiff has failed to show why the undersigned should not recommend his case for dismissal.

---

[1] Despite being instructed in the Notice to *Pro Se* Litigants (ECF Doc. 2) that he must notify the Court of any change of address, Plaintiff failed to do so.

Case No. 3:20cv5803-MCR-HTC

Indeed, despite this Court's orders, Plaintiff has failed to file anything with this Court since filing the motion to stay more than three (3) months ago. ECF Doc. 7. Under Rule 41(b) of the Federal Rules of Civil Procedure, a court may dismiss a claim if the plaintiff fails to prosecute it. Fed. R. Civ. P. 41(b); *see also* N.D. Fla. Loc. R. 41.1 ("If a party fails to comply with an applicable rule or a court order, the Court may . . . dismiss a claim . . . ."). "The authority of a federal trial court to dismiss a plaintiff's action . . . because of his failure to prosecute cannot be seriously doubted. The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases . . . [o]n the calendars of the District Court." *Durham v. Fla. E. Coast Ry. Co.*, 385 F.2d 366, 367 (5th Cir. 1967).[2]

Accordingly, it is respectfully RECOMMENDED:

1.  This case be DISMISSED WITHOUT PREJUDICE for failure to prosecute and failure to comply with a Court order.

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions handed down by the former Fifth Circuit before the close of business on September 30, 1981.

Case No. 3:20cv5803-MCR-HTC

2.   The clerk be directed to close the file.

Done at Pensacola, Florida, this 8th day of February, 2021.

*/s/ Hope Thai Cannon*

**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 3:20cv5803-MCR-HTC